## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JUDITH COLLAZO,**

    **Plaintiff,**

                            **Case No. 8:22-cv-1137**

**v.**

**SAFELITE FULFILLMENT, INC.**         **JURY TRIAL DEMANDED**
**d/b/a SAFELITE AUTO GLASS,**

    **Defendant.**

_____/

### COMPLAINT

Plaintiff Judith Collazo ("Collazo" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against the Defendant, SafeLite Fulfillment, Inc. d/b/a SafeLite Auto Glass ("SafeLite" or "Defendant"), and states as follows:

### PARTIES

1.    Plaintiff Collazo is an individual over 18 years of age and is thus *sui juris*.

2.    Collazo currently resides in Hillsborough County, Florida, and was at all times relevant to the allegations herein domiciled in Hillsborough County, Florida.

3.    Defendant is registered to do business in Florida as a Foreign Profit Corporation.

4.    Defendant's principal place of business is in the state of Ohio.

5.    The Defendant maintains an address of 7400 SafeLite Way, Columbus, Ohio, 43235.

6.      The central nexus of Defendant's operations is in Ohio.

## JURISDICTION AND VENUE

7.      This is an action under federal and Florida state law; specifically, the Equal Pay Act of 1963 ("the EPA")[1], Title VII of the Civil Rights Act of 1964 ("Title VII")[2]; the Florida Civil Rights Act of 1992 ("the FCRA")[3]; and the Florida Private Sector Whistle-blower's Protection Act ("the Act")[4].

8.      This Court has federal question jurisdiction over the EPA and Title VII claims pursuant to 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over the claims raised under Florida state law, as they arise out of the same nexus of operative facts as the federal claims.  28 U.S.C. § 1367.

10.     There is complete diversity of the Parties, as Collazo is a citizen of the state of Florida and the Defendant is a citizen of the state of Ohio.

11.     Collazo has suffered damages in excess of $75,000.00 exclusive of attorney's fees, costs, and interest.

12.     Accordingly, this Court also has diversity jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1332.

13.     Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which

---

[1] 29 U.S.C. § 206(d).
[2] 42 U.S.C. § 2000e *et seq*.
[3] Fla. Stat. § 760.01 *et seq*.
[4] Fla. Stat. § 448.101 *et seq*.

this claim arose occurred in Hillsborough County and Charlotte County, which are located within the Middle District of Florida.

14.    Thus, the Tampa Division is the proper division.  M.D. Fla. Loc. R. 1.04(a).

## GENERAL ALLEGATIONS

15.    Collazo was employed by the Defendant as a windshield replacement technician.

16.    Collazo is in a protected class by virtue of her sex, female.

17.    In the course of her employment, there was an ongoing pattern of discrimination against females.

18.    The environment was toxic and Collazo reported what she reasonably believed to be and/or actually was sex-based discrimination and/or harassment to human resources.

19.    For example, one of Collazo's co-workers sent her an unsolicited lude picture.

20.    After her first report of the discriminatory and/or harassing environment, Collazo was transferred from Port Charlotte to Thonotosassa, which was several hours away.

21.    The individual who engaged in the harassing conduct was not transferred.

22.    Once Collazo arrived at the Thonotosassa location, her co-workers seemed aware of her complaints and treated her differently.

23.     In addition, because she was at a new location, Collazo felt she had to prove herself all over again and build her reputation for hard work and quality performance from scratch.

24.     Meanwhile, newer, male technicians were given better work vehicles and better jobs than she was.

25.     Collazo again experienced sexual harassment and reported it.

26.     In September, 2020, Collazo was then transferred to the Brandon location, where she had to begin to build her reputation once more.

27.     One manager there, Brandon Sheldon ("Sheldon"), not only seemed aware of her prior reports of discrimination and/or harassment, but called Collazo a "thief" and a "whore" in front of other employees.

28.     Based on how her prior reports of discrimination/harassment had been handled, Collazo did not believe that the Defendant would take appropriate remedial action and felt she had no choice but to quit out of fear that Sheldon would continue his degrading and sometimes threatening behavior.

29.     Collazo was constructively discharged on or about March 18, 2021.

30.     Collazo dual-filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on June 10, 2021.  (Exh. A.)

31.     Thus, Collazo has exhausted all required administrative prerequisites. (*Id.*)

32.     Collazo brings this suit within 90 days of her receipt of the Notice of Right to Sue from the EEOC. (Exh. B.)

33.     Additionally, more than 180 days have passed since the EEOC received Collazo's charge of discrimination and the FCHR has not rendered a decision.

34.     In order to pursue and protect her legal rights, including those claims raised herein, Collazo has secured the services of her undersigned counsel, to whom she is obligated to remit reasonable attorney's fees and costs.

## COUNT I (PAY DISCRIMINATION UNDER THE EPA)

35.     Collazo reaffirms and realleges paragraphs 1-34 above.

36.     The Defendant is subject to the requirements of the EPA because it is a covered enterprise within the meaning of the Fair Labor Standards Act of 1938, as amended ("the FLSA").

37.     In particular and at all relevant times, the Defendant employed at least two individuals and had $500,000 per year in gross receipts.

38.     Collazo is also a covered individual within the meaning of the FLSA, as she frequently and regularly engaged in activities that directly touched upon interstate commerce, such as replacing windshields for vehicles that were likely to have crossed state lines and/or were manufactured in a foreign country.

39.     Collazo performed work for SafeLite as a windshield replacement technician, where she engaged in work requiring equal skill, effort, and responsibility and under similar working conditions as males who were windshield replacement technicians.

40.     Despite the equality of the work she performed, Collazo was paid less than her male counterparts.

41.     Accordingly, Collazo received unequal pay for equal work on the basis of her sex, female, in violation of the EPA.

42.     As a direct and proximate result of the Defendant's unlawful conduct, Collazo has suffered harm in the form of lost pay, benefits, and advancement opportunities.

43.     The Defendant's actions were in willful violation of the EPA, and not in a good faith effort to comply with the law.

WHEREFORE, Collazo respectfully demands this Court enter judgment against the Defendant for the following:

a.  Backpay, including, but not limited to, lost wages and benefits to the date of trial;

b.  Front pay or reinstatement;

c.  Liquidated damages, consistent with law;

d.  Interest on the amounts awarded, consistent with law;

e.  Reasonable attorneys' fees and costs;

f.  Entrance of an injunction prohibiting the Defendant from further violations of the Act; and

g.  Any and all other relief permitted by law deemed just and proper by the Court.

## <u>COUNT II (TITLE VII SEX DISCRIMINATION)</u>

44.     Collazo reaffirms and realleges paragraphs 1-34 above.

45.     The Defendant is a "covered employer" within the meaning of Title VII as it is engaged in an industry affecting commerce and it has had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

46.     Collazo was a "covered employee" within the meaning of Title VII, who was employed by SafeLite.

47.     The Defendant has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

48.     The Defendant's transfers of Collazo were motivated, at least in part, by her sex, female.

49.     The transfers were adverse employment actions, in that they caused Collazo significant hardships in the form of increased travel time, increased living expenses, and reduction in prestige and advancement opportunities, among other harms.

50.     As a direct and proximate result of the Defendant's violation of law, described herein, Collazo suffered financial harm in the form of lost wages and benefits.

WHEREFORE, Collazo respectfully demands this Court enter judgment against the Defendant for the following:

a. Backpay, including, but not limited to, lost wages and benefits to the date of trial;

b. Front pay or reinstatement;

c. Interest on the amounts awarded, consistent with law;

d. Reasonable attorneys' fees and costs;

e. Entrance of an injunction prohibiting the Defendant from further violations of the Act; and

f. Any and all other relief permitted by law deemed just and proper by the Court.

## COUNT III (TITLE VII SEX-BASED HARASSMENT)

51.    Collazo reaffirms and realleges paragraphs 1-34 and 45-47 above.

52.    Collazo experienced a sexually-hostile work environment while employed with SafeLite.

53.    The harassment was a continuing violation, in that it began in approximately July 2019 and continued until the date of Collazo's separation on or about March 18, 2021.

54.    The harassment was both objectively and subjectively severe and/or pervasive.

55.    Collazo did not welcome the sexually-hostile conduct.

56.    The sexually-hostile conduct was frequent, went on unabated from location-to-location and across time, and impacted Collazo's work experience, ultimately causing her constructive discharge.

57.     SafeLite is responsible for the harassment, as it did nothing to prevent or stop its employees from harassing Collazo.

58.     Despite Collazo's reports of the harassment, the Defendant failed to take prompt, remedial measures.

59.     As a direct and proximate result of the Defendant's violation of law, described herein, Collazo suffered financial harm in the form of lost wages and benefits, which are ongoing and are likely to continue into the foreseeable future.

60.     The Defendant's actions were willful and in reckless disregard for Collazo's federally protected rights, as evidenced by its failure to take prompt, remedial measures upon being informed of the harassing conduct, and thereafter retaliating against Collazo.

WHEREFORE, Collazo respectfully demands this Court enter judgment against the Defendant for the following:

a.  Backpay, including, but not limited to, lost wages and benefits to the date of trial;

b.  Front pay or reinstatement;

c.  Interest on the amounts awarded, consistent with law;

d.  Punitive damages;

e.  Reasonable attorneys' fees and costs;

f.  Entrance of an injunction prohibiting the Defendant from further violations of the Act; and

g. Any and all other relief permitted by law deemed just and proper by the Court.

## COUNT IV (FCRA SEX DISCRIMINATION)

61. Collazo reaffirms and realleges paragraphs 1-34 above.

62. SafeLite is and was an "employer" within the meaning of the FCRA as it employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

63. Collazo is a "person" within the meaning of the FCRA who was employed by SafeLite.

64. Collazo was discriminated against on the basis of her sex, female, when she was transferred twice and constructively discharged from her employment with the Defendant.

65. Collazo's sex was a motivating factor for the transfers and constructive discharge.

66. The transfers and constructive discharge were materially adverse employment actions, in that they caused significant hardship on Collazo financially, as well as emotionally.

67. Collazo was required to move to accommodate one of the transfers and had to effectively "start over" on the path to advancement because of the transfers.

68. These actions were part of a continuous pattern of sex-based discrimination that culminated in Collazo's constructive discharge on or about March 18, 2021.

69. SafeLite is responsible for the harassment, as it did nothing to prevent or stop its employees from harassing Collazo.

70. Despite Collazo's reports of the harassment, the Defendant failed to take prompt, remedial measures.

71. As a direct and proximate result of the Defendant's violation of the FCRA, described herein, Collazo suffered financial harm in the form of lost wages and benefits, as well as emotional pain and mental anguish, which are harms that are ongoing and are likely to continue into the foreseeable future.

WHEREFORE, Collazo respectfully demands this Court enter judgment against the Defendant for the following:

a. Backpay, including, but not limited to, lost wages and benefits to the date of trial;

b. Front pay or reinstatement;

c. Interest on the amounts awarded, consistent with law;

d. Compensation for mental anguish, emotional suffering, loss of the ability to enjoy life, and other compensatory damages;

e. Reasonable attorneys' fees and costs;

f. Entrance of an injunction prohibiting the Defendant from further violations of the Act; and

g. Any and all other relief permitted by law deemed just and proper by the Court.

## COUNT V (FCRA RETALIATION)

72.    Collazo reaffirms and realleges paragraphs 1-34 and 62-63 above.

73.    Collazo engaged in protected activity within the meaning of the FCRA by opposing the Defendant's discrimination and/or harassment she experienced on the basis of her sex on two separate occasions.

74.    Collazo also opposed the unlawful retaliation she experienced after her first transfer that she believed to be retaliatory.

75.    As a direct and proximate result of Collazo's objection to the Defendant's unlawful behavior, Collazo experienced several adverse employment actions, including her transfer from Port Charlotte to Thonotosassa, her transfer from Thonotosassa to Brandon, and her constructive discharge.

76.    The transfers and constructive discharge were materially adverse actions that would be likely to dissuade and/or deter the average, reasonable person from engaging in protected conduct.

77.    The transfers and constructive discharge were not wholly unrelated to Collazo's protected conduct.

78.    For example, there is a close temporal proximity between Collazo's reports of discrimination, harassment, and/or retaliation and these adverse actions.

79.    As a direct and proximate result of the Defendant's violation of the FCRA, described herein, Collazo suffered financial harm in the form of lost wages and benefits, as well as emotional pain and mental anguish, which are harms that are ongoing and are likely to continue into the foreseeable future.

WHEREFORE, Collazo respectfully demands this Court enter judgment against the Defendant for the following:

a. Backpay, including but not limited to, lost wages and benefits to the date of trial;

b. Front pay or reinstatement;

c. Interest on the amounts awarded, consistent with law;

d. Nominal damages;

e. Compensatory damages for mental anguish, loss of the capacity to enjoy life, and other pain and suffering;

f. Reasonable attorneys' fees and costs;

g. Entrance of an injunction prohibiting the Defendant from further violations of the Act; and

h. Any and all other relief permitted by law deemed just and proper by the Court.

## COUNT VI (RETALIATION UNDER THE ACT)

80. Collazo reaffirms and realleges paragraphs 1-34 above.

81. At all times relevant hereto, the Defendant was a private corporation that employed ten or more persons, and is therefore an "employer" within the meaning of the Act. Fla. Stat. § 448.101(3).

82. Collazo was employed by the Defendant for pay and is therefore an "employee" within the meaning of the Act. Fla. Stat. § 448.101(2).

83.     Collazo engaged in protected activity by objecting to the Defendant's violation of law, rule, and/or regulation.

84.     In particular, Collazo reported the ongoing discrimination and/or harassment she experienced on the basis of her sex on two separate occasions.

85.     Collazo also raised objections to the unlawful retaliation she experienced after her first transfer that she believed to be retaliatory.

86.     Such discrimination, harassment, and/or retaliation would be in violation of several laws, rules, and/or regulations germane to Collazo's employment with the Defendant, including but not limited to the claims identified in this Complaint.

87.     As a direct and proximate result of Collazo's objection to the Defendant's unlawful behavior, Collazo experienced several adverse employment actions, including her transfer from Port Charlotte to Thonotosassa, her transfer from Thonotosassa to Brandon, and her constructive discharge.

88.     The transfers and constructive discharge were materially adverse actions that would be likely to dissuade and/or deter the average, reasonable person from engaging in protected conduct.

89.     The transfers and constructive discharge were not wholly unrelated to Collazo's protected conduct.

90.     For example, there is a close temporal proximity between Collazo's reports of discrimination, harassment, and/or retaliation and these adverse actions.

91.     Collazo has suffered lost wages, benefits, promotions, and other financial losses and is reasonably likely to continue to do so into the indefinite future as a direct and proximate result of the Defendant's retaliation in violation of the Act.

WHEREFORE, Collazo respectfully demands this Court enter judgment against the Defendant for the following:

a.  Backpay, including but not limited to, lost wages and benefits to the date of trial;

b.  Front pay or reinstatement;

c.  Interest on the amounts awarded, consistent with law;

d.  Nominal damages;

e.  Compensatory damages for mental anguish, loss of the capacity to enjoy life, and other pain and suffering;

f.  Reasonable attorneys' fees and costs;

g.  Entrance of an injunction prohibiting the Defendant from further violations of the Act; and

h.  Any and all other relief permitted by law deemed just and proper by the Court.

## **JURY TRIAL DEMAND**

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 16th day of May, 2022.

/s/ Shaina Thorpe
SHAINA THORPE
Florida Bar No. 0055464
Primary: shaina@thorpelaw.net
Secondary:  admin@thorpelaw.net

**THORPELAW, P.A.**
1228 East 7th Ave., Ste. 200
Tampa, Florida 33605
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Counsel for Plaintiff Judith Collazo*

EEOC Tampa FO
date received 6/10/2021

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | _X_ FEPA<br>_X_ EEOC | 846-2021-11923 |

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Judith Collazo | ■■■■■■■ | ■■■■■■ |

| Street Address | City, State and ZIP Code |
|---|---|
| ■■■■■■■ ■■■■■■■ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SafeLite Fulfillment, Inc. | 15+ | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| P.O. Box 182000 | Columbus, Ohio 43218 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

__ RACE   __ COLOR  _X_ SEX __ RELIGION __ NATIONAL ORIGIN

_X_ RETALIATION __ AGE ___ DISABILITY  _X_ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest           Latest
Approx. July 2019    March 18, 2021

_X_ CONTINUING ACTION

**THE PARTICULARS ARE:** I was employed by the Respondent as a windshield replacement technician. In the course of my employment, there was an ongoing pattern of discrimination against females. The environment was toxic and I reported what I believed to be sex-based discrimination and/or harassment (including a co-worker sending me a "dick pic") to human resources. I was then transferred from Port Charlotte to Thonotosassa, which was several hours away. People at the Thonotosassa location seemed aware of my complaints and treated me differently.

In addition, because I was at a new location, I felt I had to prove myself all over again and build my reputation for hard work and quality performance from scratch. Meanwhile, newer, male technicians were given better work vehicles and better jobs than I was. I again experienced sexual harassment and reported it. In September, 2020, I was then transferred (again) to the Brandon location, where I had to begin to build my reputation once more. One manager there, Brandon Sheldon, not only seemed aware of my prior reports of discrimination and/or harassment, but called me a "thief" and a "whore" in front of other employees.

Based on how my prior reports of discrimination/harassment had been handled, I did not believe that the Respondent would take appropriate remedial action and felt I had no choice but to quit out of fear that Mr. Sheldon would continue his degrading and sometimes threatening behavior. Thus, I believe I was illegally transferred, put at a financial disadvantage, and constructively discharged in violation of the law because of my sex (female) and/or in retaliation for my reports of discrimination and/or harassment. This was an ongoing pattern of behavior that began with my 2019 transfer and continued until the end of my employment.

I believe the Respondent violated the Florida Civil Rights Act of 1992, Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act of 1963 (as well as Florida's whistle-blower protection laws, which I understand that the Commission does not address).

Page **1** of **2**

EXHIBIT A

EEOC Tampa FO
date received 6/10/2021

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>*06/10/21*<br>_____<br>Date          *Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINING PARTY<br><br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

**Please contact via counsel of record: Shaina Thorpe, ThorpeLaw, P.A. 1228 E. 7th Ave. Ste. 200, Tampa, FL 33605 Tel: (813) 400-0229; Fax (813) 944-5223; Email: shaina@thorpelaw.net**

EXHIBIT A

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Ms. Judith Collazo**<br>       **515 Charles Place**<br>       **Brandon, FL 33511** | From:   **Tampa Field Office**<br>            **501 East Polk St ,Suite 1000**<br>            **Tampa ,Florida ,33602** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **846-2021-11923** | **Darnell Treadwell,**<br>**Federal Investigator** | **813-710-9360** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Evangeline Hawthorne*

Digitally signed by Evangeline Hawthorne
Date: 2022.02.15 13:07:41 -05'00'

Enclosures(s)

**Evangeline Hawthorne,**
**Director**

*(Date Mailed)*

| | |
|---|---|
| cc:  **Lauren Sanders**<br>       **Attorney**<br>       **Vorys, Sater, Seymour and Pease, LLP**<br>       **52 E. Gay St.**<br>       **Columbus, OH 43215** | **Shaina Thorpe**<br>**Attorney**<br>**Thorpe Law**<br>**1228 E. 7th Ave, Suite 200**<br>**Tampa, FL 33605** |

EXHIBIT B

Enclosure with EEOC
Form 161-B (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EXHIBIT B